PÉREZ, RESPONDENT, *v.* PÉREZ ET AL., APPELLANTS.

APPEAL from the District Court of Mayagüez.

No. 929.—Decided May 19, 1913.

DOMINION TITLE PROCEEDINGS—OWNERSHIP.—In dominion title proceedings the mission of the judge is confined to hearing the allegations and the evidence

of those who may have appeared in the proceedings in order to decide
definitely whether or not the petitioners have established their ownership
to the property they seek to have recorded.

ID.—OWNERSHIP—OVERRULING OBJECTIONS.—The claim of a petitioner in dominion
title proceedings and the opposition thereto by contestants should be decided
by one single decision declaring whether or not the ownership of the land
has been proven by the petitioner, and a court errs when it overrules the
objections and orders that, as regards the petitioner, the proceedings should
continue.

ID.—OWNERSHIP—OVERRULING' OBJECTIONS—EVIDENCE.—In dominion title pro-
ceedings the evidence of both the petitioner and the contestants should be
considered together and the court erred in considering the evidence of the
contestants in order to overrule their objections and reserving the examina-
tion of the evidence relative to the establishment of ownership.

The facts are stated in the opinion.

*Mr. José Benet* for appellants.

*Mr. Angel A. Vázquez* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the
court.

On April 15, 1912, Herminio Pérez Vilanova instituted
dominion title proceedings in the District Court of Mayagüez
to establish title of ownership to a parcel of 14 *cuerdas* of
land situated in the ward of Llanos of the municipal district
of Lajas which he claims to possess in common with his nine
brothers, and concluded his petition with the prayer that on
the strength of the evidence which he was prepared to submit
the court decree the ownership of said property proven in
favor of himself and his brothers so that said decision would
serve as a title to be recorded in the registry of property.

Said proceedings were contested by Aurelia Pérez Feli-
ciano and by Juana López, the latter in representation of
her six minor children, on the ground that the property in
question belonged to them under testate inheritance title from
Francisco Esteban Pérez Vilanova, and they prayed the court,
therefore, to render a decision denying the admission to rec-
ord of the dominion title requested with costs against the
petitioner.

After hearing the evidence introduced by both parties
the District Court of Mayagüez rendered judgment on August

30, 1912, rejecting *in toto* the opposition raised to the dominion title proceedings, imposing the costs and disbursements upon the contestants, and ordered that the proceedings continue as though such opposition had not been made.

From this judgment counsel for the contestants appealed to this court alleging in support thereof that the lower court erred in overruling their objections on the ground that the contestants had failed absolutely to prove the material facts on which their contest was based, and in rendering judgment in the terms in which it did, for the judgment should have left the parties at liberty to adjust and determine their rights in an ordinary action at law. In support of his contention counsel cites subdivision 3 of article 395 of the Mortgage Law.

Subdivision 3 of article 395 of the Mortgage Law provides that in dominion title proceedings the judge shall take cognizance of the written objections made by the *fiscal* and other persons who may have intervened in the proceedings to the claims made and the evidence introduced, and after considering their allegations and weighing said evidence in an impartial manner shall decide whether or not the ownership of the property in question had been established.

As may be seen and as we said in deciding the case of *Díaz et al.* v. *Waymouth,* 13 P. R. R., 317,

"* * * the final declaration in proceedings of this character must be confined to a declaration by the judge, after his examination of the allegations of the parties and the classification of the evidence submitted in an impartial manner, of whether the petitioners have established their ownership to the property they seek to have recorded or not, but not with relation to the ownership which other persons might have in said property, because such is not the purpose of proceedings to establish ownership, in which proceedings the mission of the judge is confined to hearing the allegations and the evidence of those who may have appeared in the proceedings in order to definitely decide whether or not the petitioners in the proceedings have established their ownership to the property they seek to have recorded. This and this only can the judge decide in proceedings of this character; to do otherwise would be to pervert the real nature of proceed-

ings of this character in which third persons interested cannot seek declarations of ownership in their favor, for which purpose an ordinary action is the proper remedy in which the parties controvert their rights at length, in accordance with the formalities and the procedure established in the Law of Civil Procedure in force.''

Far from complying with the provision of law hereinbefore cited, by declaring whether the ownership of the property in litigation had or had not been established, the court limited itself to overruling the contestants' objections and ordered the continuation of the proceedings to establish ownership as though no objections had been made. By said order the court left the proceedings open as regards the petitioner, Herminio Pérez Vilanova, and closed the same as regards the contestants, denying to them the right to contest the proceedings.

The claim of the petitioner, Herminio Pérez Vilanova, and the opposition thereto by the contestants should have been terminated by one single decision—that is, by one declaring whether or not the ownership of the land had been established. If the ownership had been declared proven, this would have implied the dismissal of the contestants' claim, and if the ownership were declared not proven, it would follow by implication that their claim had been sustained. It cannot be contended that in overruling the objections the court tacitly declared the ownership proven, for the court itself expressly ordered that the proceedings should continue their legal course, which sufficiently shows that it did not approve the same.

The court was not justified in severing the unity of the proceedings by considering the evidence of the contestants in order to dismiss their claim and reserving the examination of the evidence relative to the establishment of ownership, for its proper course was to weigh all the evidence together and after a due consideration thereof reach a conclusion as to whether or not the title of ownership had been es-

tablished. Neither could the court terminate the proceedings by a decision leaving the parties at liberty to adjust and determine their rights in the proper ordinary action, as contended by the appellants.

In the judgment appealed from the trial court not only violated subdivision 3 of article 395 of the Mortgage Law, but also sections 188 and 193 of the Code of Civil Procedure, which prescribes that he shall render final judgment as to the rights of the parties in the action or proceeding.

This is not the proper time to discuss whether or not in dismissing the contestants' claim the court erred in weighing the evidence, for that question can be considered only after the corresponding final judgment is rendered and comes before us, if it should, on appeal.

The judgment appealed from is reversed and the case remanded to the lower court for action in accordance with subdivision 3 of article 395 of the Mortgage Law.

*Reversed and the lower court instructed to proceed in accordance with this opinion.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.